**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| JOSEPH IVEY, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 125-271 |
| | * | |
| CONSUMERS CREDIT UNION, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Plaintiff's motion to withdraw as counsel. (Doc. 15.)  For the following reasons, the motion is **GRANTED**.

**I. DISCUSSION**

The Court considers Plaintiff's motion to withdraw and request for stay below.

**A. Motion to Withdraw**

Attorney Craig J. Ehrlich moved to withdraw as counsel of record for Plaintiff on June 2, 2026.  (Doc. 15.)  Attorney Ehrlich fails to state that Plaintiff consents to the motion, but he does attach a copy of notice provided to Plaintiff.  (Doc. 15-1, at 1.) Thus, the motion complies with the procedures prescribed by Local Rule 83.7.  Upon due consideration, the Court **GRANTS** Attorney Ehrlich's motion to withdraw.  (Doc. 15.)

**B. Request to Stay Proceedings**

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  A district court therefore has broad discretionary authority in determining whether a stay is appropriate. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."). In making its determination, a court may consider the prudential advantages of a stay, "but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted." Dise v. Express Marine, Inc., No. 08-0127, 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008) (citation omitted).

Attorney Ehrlich requests that the Court stay proceedings for sixty days to allow Plaintiff an opportunity to obtain counsel or proceed pro se.  (Doc. 15, at 1-2.)  Defendants consent to a thirty-day stay.  (Id. at 2.)  The Court is satisfied that the stay is appropriate given the need to avoid prejudice against Plaintiff as he seeks other counsel.  Accordingly, this matter is **STAYED** through and including **JULY 31, 2026.**

2

## II. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to withdraw (Doc. 15) is **GRANTED**.  The Clerk is **DIRECTED** to **TERMINATE** Craig J. Ehrlich as counsel of record for Plaintiff and **STAY** all proceedings in this case through and including **JULY 31, 2026**.

**ORDER ENTERED** at Augusta, Georgia, this __11th__ day of June, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3