**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 19 2026

FILED

| | | |
|---|---|---|
| JOSEPH IVEY, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 125-271 |
| | * | |
| CONSUMERS CREDIT UNION; JOHN DOE; and HIDE N SEEK TOWING & RECOVERY, LLC, | * | |
| | * | |
| Defendants. | * | |

**REVISED SCHEDULING ORDER**

Defendants move to extend the discovery period and related deadlines. (Doc. 21.) Plaintiff filed a "Conditional Opposition" to the defense motion. (Doc. 22.) Plaintiff also moves for a protective order prohibiting his deposition currently noticed for October 28, 2026. (Doc. 22-1.) As with the first discovery dispute in this case, it is clear the parties have not engaged in a good faith effort to resolve their current issues regarding case deadlines and Plaintiff's deposition. (See doc. 20 (denying discovery motion based on non-compliance with good faith requirement of Federal and Local Rules).) Defendants mistakenly assumed Plaintiff, proceeding *pro se,* consented to their proposed extension, (doc. 21, at 3; doc. 22, at 24-27), which was filed

prior to the expiration of deadlines set forth in the most recently issued Scheduling Order. (Doc. 14.)[1]

Upon consideration of the circumstances in this case, including the prior imposition of a stay of all proceedings to allow Plaintiff to seek new counsel, and despite the parties' continuing failure to engage in good faith communications about their discovery issues,[2] the Court **GRANTS** an extension of deadlines (doc. 21) as follows:

| | |
|---|---|
| CLOSE OF DISCOVERY | November 30, 2026 |
| JOINT STATUS REPORT[3] | November 30, 2026 |
| LAST DAY FOR FILING CIVIL MOTIONS INCLUDING *DAUBERT* MOTIONS, but EXCLUDING MOTIONS IN LIMINE | January 29, 2027[4] |

---

[1]There is an argument to be made that because the Court stayed all proceedings for fifty days while Plaintiff sought new counsel (see doc. 16), the deadlines on the last scheduling order were automatically extended by that same fifty days, meaning the current discovery deadline would not expire until Monday, October 19, 2026, because day fifty falls on Saturday, October 17. Although neither party recognized or made such an argument (see doc. 22, at 2, 24), the Court has considered the impact of the prior stay in determining the appropriateness of granting the extended deadlines outlined herein.

[2]Although the Local Rules which went into effect on October 7, 2026, no longer set forth the same requirements of the prior Loc. R. 26.5, the new Local Rules continue to incorporate the good faith requirement of Fed. R. Civ. P. 37(a)(1). See LR Gen. 1A (setting effective date of new Local Rules and explaining Local Rules are to be "read in a manner consistent with the Federal Rules of Civil Procedure.")

[3]A sample Joint Status Report is attached to this Order.

[4]Extending the deadline for filing dispositive motions beyond the standard thirty-day period provides Plaintiff ample time to review the deposition transcript and draft his own dispositive motion, should he choose to do so.

All provisions of the prior Scheduling Orders not revised herein shall remain in full force and effect.

Likewise, the Court **GRANTS** the request for a protective order prohibiting Plaintiff's deposition under the terms of the current notice, which Defendants apparently issued based on a misunderstanding that an agreement had been reached with Plaintiff. (Doc. 22-1.)[5] The Court **DIRECTS** defense counsel to confer with Plaintiff about the terms of his deposition to be conducted within the extended deadlines set herein, and which shall be conducted in accordance with the terms and requirements of the Federal Rules of Civil Procedure. The Court does not permit or endorse the special terms for a deposition suggested in Plaintiff's motion for a protective order that find no support in the Federal Rules. (See doc. 22, at 12-15, 56-59.) The new deposition notice shall be issued within fourteen days of the date of this Order, and Plaintiff or Defendants may, if necessary, and after good faith efforts to resolve any issues, file a new motion for a protective order or a motion to compel discovery which complies with the Local Rules and the Federal Rules. The Court cautions both parties that one-sided, demand-for-compliance emails will not be viewed

[5]The Court will address separately Plaintiff's motion to deem admitted certain requests for admission (doc. 22-2) in its normal course of business, after the time has expired for Defendants to file a response.

favorably, and each party shall seek affirmative confirmation that a proposed resolution has, or has not, been reached prior to filing another discovery motion.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
Choose an item.

| | | |
|---|---|---|
| XXX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV |
| | ) | |
| XXX, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

1. Do the parties agree mediation should be attempted prior to summary judgment motions, and all deadlines stayed for this purpose?
   ☐ YES ☐ NO

2. If the parties answered yes to question 1, do the parties prefer (a) a private mediator; or (b) a magistrate or bankruptcy judge?
   ☐ Private Mediator ☐ Magistrate or Bankruptcy Judge

3. If the parties prefer a private mediator, specify a date-certain deadline for mediation to be completed and the stay lifted. From that date, summary judgment motions will be due in thirty days.
   XXX

4. If the parties prefer a magistrate or bankruptcy judge as mediator, list two dates within the next six weeks when all parties and their authorized representatives are available for mediation.

   XXX

This XXX day of XXX, XXXX.

/s/ XXX

Plaintiff's Counsel

/s /XXX

Defense Counsel