**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

U.S. DISTRICT COURT SOUTHERN DISTRICT OF GEORGIA
NOV 12 2026
FILED

JOSEPH IVEY, II, *
Plaintiff, *
v. * CV 125-271
CONSUMERS CREDIT UNION; JOHN DOE; and HIDE N SEEK TOWING & RECOVERY, LLC, *
Defendants. *

**O R D E R**

The above captioned case is now before the Court on the latest in a series of discovery disputes which have all been plagued by the same problem: failure to engage in good faith communications about the parties' discovery issues. Rather than heed the Court's prior warnings about attempting in good faith to sort out the confusion about discovery requests served by former counsel and the now *pro se* Plaintiff (see doc. 20), both parties continue to hold fast their respective beliefs of absolute correctness, refusing to consider the possibility of any accommodation to resolve a simple discovery dispute.

**I. DISCUSSION**

It is clear from the attachments to the briefing on the current motion (doc. 22-2) regarding Requests for Admission ("RFAs") that there are two sets of RFAs for both Defendant Consumers Credit Union

("CCU") and Defendant Hide N Seek Towing & Recovery, LLC ("Hide N Seek"). The first set served by former counsel, (doc. 18-2, at 16, 35), appears to have been answered by both Defendants (doc. 18-6, at 2; doc. 22, at 22-23), and supplemented, as required by the instructions on the RFAs, by Hide N Seek (cf. doc. 19, at 15-17 with 31-33).[1] Now *pro se* Plaintiff maintains he served his own set of RFAs on Defendants to which, at least as to CCU, he has not received any response. (See doc. 22, at 60.)

Defense counsel adamantly maintains Plaintiff has never served his *pro se* discovery requests, and counsel bristles at having been required to respond to Plaintiff's current motion based on those unserved discovery requests. (See doc. 25.) In support of the position the disputed discovery has not been served, the defense points to an email referencing the discovery for which there is no evidence of an attachment, (doc. 18-5, at 2; doc. 22, at 20-21). Plaintiff's only evidence of the existence of the *pro se* discovery requests consists of unsigned RFAs that were purportedly served by email on August 2, 2026, (doc. 19, at 7-12), and an email letter dated August 3, 2026, asking for appropriate responses to *his* discovery rather than the discovery previously served by former counsel, (doc. 22, at 23).

[1]The opening paragraph on the RFAs served by former counsel states, "These Requests for Admission shall be deemed continuing so as to require supplemental answers should Defendant obtain or acquire additional information following the date on which Defendant serves its responses." (Doc. 18, at 16.)

As the record stands, the Court can neither confirm nor deny whether Plaintiff's *pro se* discovery was served on Defendants; there is only a swearing match between each side supported by circumstantial evidence. What the Court can determine is that there is obviously a set of discovery prepared by *pro se* Plaintiff, of which defense counsel was aware, if not in receipt of, *at least* as of September 8, 2026, when the unsigned documents appeared in Plaintiff's reply brief to an earlier discovery motion.[2] (Doc. 19, 7-12.) Indeed, the defense decries having to respond to the current motion when "Defendants made the lack of service evident in their opposition to Plaintiff's initial motion," and further argues Defendants "have never been under any obligation to respond to the RFAs at issue." (Doc. 25, at 3.)

The Court is hard pressed to understand the parties' refusal to heed prior instructions, not to mention the requirements of the Local and Federal Rules, to engage in good faith communications about the parties' discovery issues. See Holloman v. Mail-Well

---

[2]As Defendants are fond of arguing about the actions of "[r]easonable people," (doc. 25, at 6), it would seem reasonable that if an email purports to attach certain documents, the absence of such documents would prompt an inquiry from the recipient to the sender about the missing documents. (See doc. 22, at 20-21; doc. 25-1, at 1 (acknowledging recognition of no attachments to Plaintiff's August 2, 2026 email referencing same and describing no further action by counsel because "Plaintiff has never sent the missing attachments).) A simple phone call or follow up email by either side, at any point, during the months since this obvious discrepancy between discovery prepared by former counsel and now *pro se* Plaintiff came to light would have curtailed this continuing, and to date fruitless, motions filing practice that not only takes the time of the parties, but squanders scarce judicial resources.

Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (*per curiam*) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion). Upon the Court's denial of the first discovery motion after explaining there was clearly confusion about multiple sets of discovery, (see doc. 20), there is no excuse for the parties not discussing the outstanding discovery and re-serving if necessary, the *pro se* discovery requests. The Court takes a dim view of defense counsel's attempt to shirk all responsibility for the outstanding discovery requests by simply throwing up his hands based on an alleged lack of service. Similarly, Plaintiff could have easily remedied the service problem after Defendants' August 26th response to the first discovery motion that explained the second set of discovery, *pro se* Plaintiff's first round of discovery, had not been received.

While the Court does not condone either side's behavior during the course of discovery in this case, the Court must once again, **DENY** the motion to deem the requests for admission to CCU be admitted (doc. 22-2) not only because there was clearly no good faith effort to resolve the issue(s) prior to filing the motion, but also because it has not been established those requests for admission were ever

served on Defendants.[3] (See doc. 20, at 4-6 (explaining requirement for good faith efforts to resolve discovery dispute prior to filing motion); Fed. R. Civ. P. 36 (requiring answers to RFAs within 30 days after service.) However, the Court also **DENIES** the requests from both sides for an award of fees under Fed. R. Civ. P. 37 because the circumstances of this case make an award of fees unjust.

As previously explained, Plaintiff's most recent discovery motions were filed in tandem with Plaintiff's opposition to a request for extension of the discovery period. (See doc. 24.) Not only did the Court direct Defendants to respond to instant motion, but the Court granted Plaintiff relief on part of his request and prohibited Plaintiff's deposition under the terms of a notice Defendants issued based on a misunderstanding that an agreement had been reached with Plaintiff about how to proceed. (Doc. 23, at 3.) Thus, Defendants caused Plaintiff to have to file at least part of the discovery motion at issue because they acted without confirming Plaintiff's position. Similarly, Plaintiff's insistence at re-filing his motion without a good faith attempt to confer about whether his unanswered discovery had actually reached Defendants unnecessarily complicated the discovery process. In a nutshell, the actions of both sides

---

[3]Under the Federal Rules of Civil Procedure, "within 30 days after being **served**," a party must provide a written answer or objection addressed to the matter, or the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3)(emphasis added); see also Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1263-64 (11th Cir. 2002) (explaining requirement of Fed. R. Civ. P. 36). Thus, absent service, which has not been established here, Defendants were not bound to respond to Plaintiff's *pro se* RFAs.

have unnecessarily complicated and prolonged discovery in this case, and an award of fees for either side is, therefore, unjust and unwarranted under these circumstances.[4]

Thus, the Court must now determine how to proceed in light of the rapidly approaching close of discovery on the one hand, and the unresolved discovery sought by *pro se* Plaintiff on the other. In deciding how to proceed, the Court is mindful of its "broad discretion in managing pretrial discovery matters" to ensure the case moves "to a reasonably timely and orderly conclusion" without wasting judicial and private resources. Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1263 (11th Cir. 2002) (citations omitted). Keeping this managerial authority in mind, the Court orders as follows:

(1) Plaintiff shall serve the disputed RFAs on Defendants within seven days of the date of this Order and file proof of such service on the record in this case. Within five days of Plaintiff's notice of proof of service appearing on the docket, if Defendants disagree that they have been served, they must file their own notice of non-service on the record.

(2) In accordance with Fed. R. Civ. P. 36(a)(3), Defendants shall have thirty days from the date of service to respond.

[4]Defendants have also arguably not followed the Court's prior conferral directive by notifying the Court of an agreement that had not actually been reached to extend the discovery period and issuing a Notice of Deposition based on an assumption that the motion for an extension would be granted. (Doc. 21; doc. 22, at 9, 29-31.) Plaintiff and Defendants also both failed to work cooperatively when it was clear there was outstanding discovery that had not been responded to, even if there was confusion over service. Thus, the Court declines to sanction Plaintiff under its inherent authority, as requested by Defendants (doc. 25, at 7), with an award of fees. Frankly, neither side is blameless in this discovery morass.

To accommodate completion of this discovery, the Court resets current case deadlines as follows:

| | |
|---|---|
| CLOSE OF DISCOVERY | January 4, 2027 |
| JOINT STATUS REPORT[5] | January 4, 2027 |
| LAST DAY FOR FILING CIVIL MOTIONS INCLUDING *DAUBERT* MOTIONS, but EXCLUDING MOTIONS IN LIMINE | February 3, 2027[6] |

## II. CONCLUSION

In sum, it is clear Plaintiff did not make a good faith effort to resolve his discovery dispute with Defendants prior to filing the motion concerning Plaintiff's *pro se* RFAs, and therefore, the Court **DENIES** the instant motion. (Doc. 22-2.) The Court also **DENIES** the requests from both sides for an award of attorney's fees. Discovery shall proceed in accordance with the instructions and deadlines provided above. Both parties are cautioned that any future discovery motions which do not comply with the requirements of the Local Rules of the Southern District of Georgia which went into effect on October 7, 2026,[7] as well as with the requirements of the Federal Rules of Civil Procedure, may be summarily denied.

---

[5]A sample Joint Status Report is attached to this Order.

[6]Although the Court previously extended the standard thirty-day period for filing dispositive motions after the close of discovery to accommodate a re-scheduled deposition, (doc. 23, at 2 n.4), given the limited purpose of extending the discovery period to complete certain written discovery, no such additional time need be added to these revised deadlines.

[7]The Local Rules may be found on the Court's website at www.gasd.uscourts.gov/court-info/local-rules-and-orders.

Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[8] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

[8] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
Choose an item.

| | | |
|---|---|---|
| XXX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV |
| | ) | |
| XXX, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

1. Do the parties agree mediation should be attempted prior to summary judgment motions, and all deadlines stayed for this purpose?
   ☐ YES ☐ NO

2. If the parties answered yes to question 1, do the parties prefer (a) a private mediator; or (b) a magistrate or bankruptcy judge?
   ☐ Private Mediator ☐ Magistrate or Bankruptcy Judge

3. If the parties prefer a private mediator, specify a date-certain deadline for mediation to be completed and the stay lifted. From that date, summary judgment motions will be due in thirty days.

   XXX

4. If the parties prefer a magistrate or bankruptcy judge as mediator, list two dates within the next six weeks when all parties and their authorized representatives are available for mediation.

   XXX

This XXX day of XXX, XXXX.

/s/ XXX

Plaintiff's Counsel

/s /XXX

Defense Counsel